**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| IN RE PHILLIP BROWN, <br><br>Plaintiff. | Case No. 3:23-CV-00346-ART-CLB <br><br> **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Phillip Brown's ("Brown"), application to proceed *in forma pauperis* (ECF No. 1), and complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Brown's *in forma pauperis* application, (ECF No. 1), be denied as moot, and his complaint (ECF No. 1-1), be dismissed, with prejudice.

### I.    *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th

---

[1]    This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Brown cannot pay the filing fee, however, because the Court recommends dismissal of this action, the Court recommends that Brown not be assessed the filing fee and the motion, (ECF No. 1) be denied as moot.

**II.     SCREENING STANDARD**

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir.

2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III.    SCREENING OF COMPLAINT

In his complaint, Brown does not list any defendants, nor does he list his requested relief. (*See* ECF No. 1-1.) Instead, Brown's "complaint" is a narrative and begins as follows: "I woke up May 1st and in my head it was too busy to think full thoughts…" (*Id.* at 6.) Even construing the allegations of Brown's complaint liberally, the Court cannot conceive or construe any specific set of circumstances under which these conclusory statements would give rise to any federal constitutional or statutory right. The complaint is vague, rambling, nonsensical, and filled with incomplete sentences. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted).

Brown's largely incomprehensible narrative makes it impossible for the Court to identify the factual or legal basis for his claims. Further, Brown does not provide sufficient information to determine which causes of action he wishes to proceed under, nor does he show how he is entitled to the relief sought. Brown states no claim upon which relief may be granted, therefore this action should be dismissed with prejudice. Leave to amend is not appropriate because the deficiencies in Brown's complaint cannot be cured by amendment, making amendment futile. *See Cato*, 70 F.3d at 1106.

### IV.  CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Brown's application to proceed *in forma pauperis*, (ECF No. 1), be denied as moot, and his complaint, (ECF No. 1-1), be dismissed, with prejudice, as amendment would be futile.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.  RECOMMENDATION

**IT IS RECOMMENDED** that Brown's application to proceed *in forma pauperis*, (ECF No. 1), be **DENIED as moot**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-

1);

**IT IS FURTHER RECOMMENDED** that Brown's complaint, (ECF No. 1-1), be **DISMISSED, WITH PREJUDICE**; and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED**, and judgment be entered accordingly.

**DATED**: July 13, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**